Next case please. 11-15-05 McManus v. Dolan v. Joseph McManus v. O'Callaghan Good morning, Justices. Tonight, McManus v. Dolan and I represent the plaintiff at the lead, Ellis Dolan. Good morning, Your Honor. This is Brian Schroeder. I'm here on behalf of the appellant, Joseph Michael O'Callaghan. All right. Please proceed. Your Honor, we're here on appeal from two orders of attorney's fees that were levied against Joseph Michael O'Callaghan personally. As we set forth in the briefs, our contention is that the circuit court lacked jurisdiction over Joseph Michael O'Callaghan personally in the personal capacity. Therefore, these orders were void, and it is your obligation to declare those orders void, vacate them, and then dismiss this appeal for no jurisdiction because there can be no proper jurisdiction from a void underlying circuit court order. So just so it's clear, both of you are claiming no jurisdiction of this court? No. On different grounds. Well, in a sense, to put maybe perhaps too fine a point on it, you do have jurisdiction to declare the circuit court had no jurisdiction. And then once you do that, then you say the appeal is dismissed. So that is my response there. It's my understanding that Mr. O'Callaghan appeared at this deposition without the necessity of being served a subpoena or a notice. Is that right? It was just by agreement of the parties? Well, you can call it agreement of the parties, or he appeared for a deposition pursuant to order of court, which was directed to the corporate defendant. And Mr. O'Callaghan was the only person who could appear on behalf of that corporate defendant. So that's my answer. He was not subpoenaed, and there was no notice entered for his deposition. So therefore, there was a court order. So whether the parties agreed or not. Was there initially a court order, or did that come subsequently after some issues with the deposition? In terms of the first sitting. The first sitting, I don't know, Your Honor. But I do know that there was more than one deposition. At the first deposition, it was adjourned after about an hour. And then there was some back and forth between the parties. And then the plaintiff went into court and got an order that said Mr. O'Callaghan was to appear and was to answer questions. Here's the reason I ask the question. It's my impression, and I'll look at it again. But it's my impression that initially that deposition occurred without the necessity of issuing a subpoena. And Mr. O'Callaghan sat down for that deposition. And my question is, once Mr. O'Callaghan walks in and sits down for that deposition, hasn't he submitted himself to the court's jurisdiction? No. First of all, the cases we cite in our brief to the effect that someone who simply appears in court as a witness and testifies without any other further action by the court or the parties does not thereby become subject to the jurisdiction of the court. But he didn't simply appear as someone connected with the litigation. He was the only person that could provide information against or relating to the corporate defendant. That is correct. He's the only representative. There is no one else that could have appeared. I agree. And he appeared in that capacity. He was not a party to this case. But he was a party early on. In the initial incarnation of the case, the first session, he was a named defendant. But summary judgment was entered on his behalf, in his favor. That case was then non-suited. No appeal was taken. The new case was filed. He was not a party and could not be by virtue of re judicata. So Mr. O'Callaghan as a person could not, was not, and could never be a party defendant to this litigation. The party defendant was a corporation. And as you just said, he, Mr. O'Callaghan, was the president as the Second Amendment complaint alleged. I didn't just say that. I said he's the only one who could have testified regarding the defendant in, when the defendant is a corporate entity. I agree. He's the only person because, as we know, corporations are fictional entities and they only act for human beings. So when someone says, I want to depose West Monroe Law Offices, they have to depose, obviously, a human being. Mr. O'Callaghan was the only person. So tell us again why Mr. O'Callaghan believes that the orders the judge issued and the sanctions that the judge imposed all were lacking in authority or jurisdiction. Again, because he was never a party. He was never subpoenaed. And therefore, the only capacity So are you saying that the trial court is powerless to force the only individual who could possibly testify regarding a named defendant, he's powerless to enforce his discovery rules or can't sanction that individual or can't do anything if that individual should fail to comply with proper discovery? I'm not saying that at all. What I'm saying is proper discovery was not issued in this case to bring Mr. O'Callaghan personally within the jurisdiction of the court. He was not subpoenaed. He was not a party. So therefore, he could not be complied with. Going back to Justice Palmer's point, Mr. O'Callaghan appeared without subpoena. So why did the parties have to give him a subpoena after he already appeared voluntarily? If he appeared voluntarily, it was, again, only in the capacity as a representative of the defendant. How do we know that? Because Mr. O'Callaghan Did he file some paper? That's why I asked, was there a deposition notice under the rule that asked for a corporate representative? 206. Was this pursuant to a notice of deposition under 206? Or did the parties just say, hey, Mr. O'Callaghan, come and sit down. We're going to take your deposition. Because I want to know how it officially is in the record that he's only a corporate representative other than the fact that he says so. There's no He's a person. He sat down for a deposition. And therefore, I wonder whether or not he submitted himself to the court's jurisdiction. Well, there's no notice of deposition for him. The pleadings he filed Well, what caused him to come to somebody's office and sit down in front of a court reporter? Was it an email? Was it a letter? What was it? That I don't know. I would imagine it would be It seems to me that if it was a letter or an email that's between counsel and they said, okay, let's do this deposition on this day, and he walked in and sat down, he's under the court's jurisdiction. And I want to know, you're saying, well, he's only under the court's jurisdiction as a corporate representative. How is that in writing somewhere? Where does it say that, that he's only a corporate representative? In court filings that Mr. O'Callaghan filed through his attorneys, on repeated occasions, he made that contention. He's made it in motions to reconsider, motions to vacate. Well, you could put it in a lot of court intentions. But, again, if he wasn't subpoenaed as a corporate representative or he wasn't noticed in as a corporate representative, how is he not just a person? Because he was, every time he, when he was asked questions about O'Callaghan and colleagues, which is what got him sanctioned, he did not answer those questions. So he drew a line between, I'm here as a person I'm not so sure he has the right to draw that line. That's my point. I mean, if he wasn't brought in under the rule that brings in corporate representatives, isn't he just a person? And just because when you sit there in front of the court reporter and you say, I'm only a corporate representative, the other side doesn't have to accept that. Well, maybe we're talking too much. And, in fact, I think that the later court proceedings might lead us to conclude otherwise because the court ordered him to answer questions with regard to the other entities. As I recall, the court ordered him to answer the question that the court, or one of the topics the court ordered Mr. O'Callaghan to answer was to provide, I think it was quote, information regarding O'Callaghan and colleagues, which was the later law firm. And, but, again, Mr. O'Callaghan, as the representative of West Monroe Law Offices, cannot answer those questions because he doesn't know the answers to those questions. Wait a minute. Not literally. I'm saying Mr. O'Callaghan, in a representative capacity on behalf of the corporate defendant, is wearing a hat that is different than his individual knowledge. Of course he knows things beyond, as a person, he knows things beyond the knowledge of West Monroe Law Offices. And you're saying that he has the right to draw that line pursuing Justice Palmer's question? Yes, I do. Well, what if the other side was sitting there asking the questions of deposition and says, I'm taking your personal deposition? Mr. O'Callaghan would say, no, you're not, because I am not here in that capacity. I guess really the appropriate thing to do at that point, and maybe you've made the best point so far, and that is the appropriate thing to do at that point is to get up and walk out and then have a subpoena issue for him personally. And there's no reason they can't take his personal deposition, right? No, there isn't. And once he's served the subpoena, then he's now obviously under the power of the court and would come in and say, I want to quash it, or here's what I don't want to talk about. Here's the problem with that, Mr. Schroeder, you're contending, as I understand it, that the subpoena itself broadens the questions that can be asked at a deposition, and without that subpoena, should he voluntarily appear, he's entitled to narrowly limit the questions that he's going to answer. And I just don't know where that authority is for that proposition. I think that it is incumbent on the person taking a deposition to set forth the basis on which they want to take it. And when you have a corporate defendant only and you want to depose the president and sole representative of that defendant, I think it's implicit that that's the scope of your deposition. Well, the other side is that if the deponent wants to make that contention, then he's the one to make that contention, and it's not the burden of the deposing party to say, I'm calling you under this capacity. If the individual says, hey, I'm only here under this capacity, as Justice Palmer suggested, maybe if he were told that the questions themselves tell him that he's not under there, he's not in there in a limited capacity, he should get up and walk out. But until he does... When Mr. O'Callaghan was asked questions about O'Callaghan and colleagues, he declined to answer. So in a metaphorical sense, he did walk out. He did not go beyond the scope of what he thought was the only way he could be there. And jurisdiction of the court is only valid as far as it goes. And, again, I think, again, we're at the chicken and egg thing. Since the corporation was the only defendant, Mr. O'Callaghan was obviously at the jurisdiction of the court for that purpose. Here's the other chicken and egg thing. Let's say these questions that he refused to answer had been asked at trial, and he's directed to answer them. Short of being held in contempt, why would questions asked at trial entitled, and he declines to answer them, why would that entitle the witness to have an immediate appeal? Why do we have jurisdiction over this issue? You have jurisdiction either through the first notice of appeal that was filed or the second. As we set forth in the briefs, on the first notice of appeal that was filed in May of 2011, we invoked jurisdiction under Rule 303A2, and then in the second notice of appeal that was filed after the case was developed. So 303A2 allows a deposed party to bestow jurisdiction on the appellate court when he disagrees with the discovery proceedings. I don't read it in that, I don't read that authority in that rule. I will. I know you referred to claims. Yes, we referred to claims, and I will say that you, in candor, I think you probably have the better of this argument because you read the committee comments through 303A2, they talk about the term separate claims in the context of a 304A finding. Right. But I think you can take what Judge Goldberg did. He imposed sanctions, and those sanctions were based upon Mr. O'Callaghan's not answering certain questions. What was Judge Goldberg to do, given Mr. O'Callaghan's declining to answer the question? What should the circuit court judge have done? He should have sanctioned the corporate defendant, which was the only party before him and the only party over whom he had any authority. Well, but the point of the sanction is to get answers to questions Judge Goldberg believed were properly asked. So Mr. O'Callaghan is the only one who can answer those questions. So I don't see the distinction between corporate entity and the individual if they're one and the same. Well, I mean, I would say they're one and the same person in the sense that Mr. O'Callaghan can't be split in half or can't be some sort of fictional corporate entity. But, again, the law differentiates between corporations and humans. And so, therefore, I think the law has to distinguish between Mr. O'Callaghan personally and Mr. O'Callaghan in a representative capacity. What the court should have done is sanctioned the corporate defendant and said, I'm barring you from presenting evidence or something, and entered a contempt finding, and then that would have been appealable. What happened here is the court issued a monetary sanction, denied Mr. O'Callaghan's request for a 304A finding, but then what happened is this case went into enforcement proceedings in a citation to discover assets. And you either have an order that you can appeal or you don't. And if Judge Goldberg did not see fit to allow an appeal, he should have stayed in force of the order until such time as he would allow an appeal because there was a constitutional right to, as of right, to an appeal for a final judgment. And that's not what happened here. The point that you're raising regarding enforcement actions, the garnishment, that certainly seems to suggest that it was final and, therefore, enforceable. Well, I think, yes. In the sense that there was an order and everyone acted like it was, yes. And until some other court, meaning you, says it's not, the circuit court is going to treat it as valid. But if Mr. O'Callaghan can't appeal from it, if you were to say that the notice of appeal he filed lacked jurisdiction, then I think you have to necessarily also say that the order was unenforceable. But he was certainly entitled to appeal it at the conclusion of the litigation. Certainly. But that doesn't mean that they were entitled to seek enforcement of the sanction amount before the litigation ended, did it? That's my position, yes. You can't have it both ways in the sense of saying, I mean, and I'm talking from what the plaintiff's position is here now. They filed a motion to dismiss the first appeal. Well, if that's their position that there was no jurisdiction, then I don't see how in good faith or good conscience they can try and enforce that order at the same time. Because, again, that's stripping Mr. O'Callaghan's right to an appeal. And they could have asked for a 304A finding as well. But, again, if there wasn't jurisdiction at the time, then there shouldn't be enforceability either. But apart from 303A2. What happened with regard to that citation? There was an order entered in August of 2011, which is not in the record on appeal, but you can take judicial notice of in this case that stays the citation pending the outcome of this appeal. Can you clarify one thing for me? You started to talk about the second notice of appeal. Yes. Remind me. I know there were motions to consolidate and there was a ‑‑ I know there was a second notice of appeal filed at the conclusion of the case. Correct. Was that consolidated into this appeal? Yes. The balance of ‑‑ there was a two‑count complaint. I think one count was resolved with a judgment. The other count was non‑suited. And as of that non‑suit, nothing was left. And that was done in August 2 of 2011. Maybe, no, I'm sorry, 2012. And then a notice of appeal was filed the next day. And those two appeals were consolidated by order of this court. Why don't you take some time for rebuttal? Thank you. Thank you, counsel. May it please the court. Tell us, do we have jurisdiction here? For this appeal, under Section 303, you do not. Okay. Here's what should have been done. He had two options that were available to him. If he said that the court didn't have jurisdiction over him, he could have gone under 306 and asked for a permissive appeal. He didn't. He could have, I think Justice Garcia, you raised it, he could have asked it to be held in friendly contempt of court under 304B5 and he didn't. He brought it under 303A2. He's not a party to the case. That's why we, I think you hit it right on the head, Justice, that it's just that section isn't applicable. I'm not asking this court to strip him of the right to an appeal. What I'm asking him to do, a well-seasoned attorney, is to follow the Illinois Supreme Court rules. There are like seven or eight rules that give this court jurisdiction. He did not follow the right one. He invoked a rule that is inapplicable. In a sense, when he invoked that rule, wasn't he claiming to be a party or maybe in a sense using his alter ego as a party? But, Judge, here's the thing. Trying to have it both ways. Right. As Justice Palmer indicated, I didn't designate him as a 206-1 witness. Never did. To answer your question that you raised at the outset of the appellant's argument, Judge, the deposition was agreed by the attorneys for the parties. That's what happened. Then Judge Goldberg entered an order ordering him to appear for his deposition. That was on August 20, 2007. He was supposed to appear by September 28, 2007. He didn't. He finally appeared in October of 2007, at which time he said, he lasted an hour, he said, I've got to go. I've got a client in my office. And then I tried to resume the deposition. He objected. I had to go in. And we had to brief that before Judge Goldberg, before I was authorized to proceed forward with his deposition. So weren't you asking him some personal questions? Questions that didn't pertain? No. No. Because the thing with regard to O'Callaghan and colleagues, Judge, was this. Here's what happened. In the discovery, and it's obviously not in the record, okay, but I'm just going to tell you why I asked the O'Callaghan and colleagues. There were checks written by O'Callaghan and colleagues to certain current attorneys of his. And I wanted to know if he was claiming, because they were maintaining that O'Callaghan, the actual defendant, was no longer in business, even though it was active. I wanted to find out what was the relationship. Why was this company paying bills of the defendant when it had no obligation to do so? So it wasn't a personal situation. I wanted to find it out. Judge Goldberg, one of the things that he raises in the brief, well, the order wasn't specific enough. The order was express, five subjects that we had the right to inquire on and only five subjects. And what is the procedure to challenge questions that are asked at a deposition that are objected to as opposed to walking out? I mean, isn't there a procedure set up? One of two things, Judge, one of two things. Either the plaintiff, Alice Dolman, moves to compel, as we did, or under Supreme Court rules he could have come in for a protective order barring the questioning. But doesn't the person who's objecting to the questions have to provide a transcript of the questions so that the question itself can be evaluated and determined whether or not it is in the sense of personal and outside the bounds? And yet, because before that, because it seems to me that if you're talking about a continuation of a deposition, he asked that the deposition be concluded after an hour because he had other obligations. He had to meet with a client at his office, and then he refuses to resume it. I mean, the trial judge is definitely within his prerogative to say, you've got to go back. And we had to make a motion to compel him to come back. And if he doesn't, then isn't it sanctionable? Well, I think it is. And that's the point. That's another point that leads to a very good subject. Isn't the jurisdiction issue really a red herring? I mean, it really doesn't have anything to – Well, I still don't think that – I think he invoked the wrong section, the wrong Supreme Court rule, I should say. But getting back – I'm sorry. Before getting back, let's talk about this second notice of appeal, which is kind of troubling me. There was a lot of motion practice here in the court with regard to these matters, and I know something got consolidated and something didn't. Right. So my question is, when the second notice of appeal was filed, when the litigation was terminated, are we now – have we resolved the first notice of appeal issue? I don't think you have. Tell me about it. Because what he should have done then is – And didn't we consolidate those? You consolidated them. He still invoked 303 as his basis for jurisdiction. He should have gone under 301. He didn't. All right? He didn't. And it's not a situation as Mr. O'Callaghan wants this court to adopt. There is case law that says that citation to a specific rule in your notice of appeal doesn't either bestow jurisdiction or deprive the court of jurisdiction. I mean, you could cite the incorrect rule. And the question is, does the court have jurisdiction because it's an appealable matter? And that's all we look at. I understand that, Judge. But I don't think – But it's certainly not appealable in the context of this case under 303. Correct. That's what you're saying. That's what I'm saying. But is it appealable under 301? Would it have been appealable under 301? Perhaps, yes. But going back to this thing about sanctions, what Mr. O'Callaghan fails to consider is the actual language of 219C. 219C is not just limited to parties and their attorneys. It does say deponents. He was a deponent. We cited the national wrecking case that also said that it's just not limited to parties and attorneys. He came. As you said, Justice Palmer, he came voluntarily to these depositions. I mean, yes, did I have to subsequently get subsequent orders to finish the depositions? Yes, I did. But he subjected himself. And he never, never said beforehand, I'm a 206 because I didn't designate him as a 206-1. But now, conveniently and acutely at the deposition, he says, well, I'm only here on behalf of the defendant and I'm not going to answer those questions. And he was given two opportunities by Judge Goldberg. And nevertheless, he basically said to him, I'm not going to adhere to what you say. Judge Goldberg was his, if we use the unreasonableness standard in terms of evaluating his sanctions order, there was nothing unreasonable. I've had since the outset of this case, I've been fighting to get whatever I can, I've been fighting to get to this point. Everything that I've sought in this case was by way of motions and hearings. And that's why it took so long for this case to go to trial. Let me ask you a question. Sure. He was a defendant in the case that he was dismissed as a defendant. Yes. He was voluntarily dismissed. This was before I came on board, yes. And now you're deposing him, trying to get maybe more evidence to bring him back as a defendant. Don't you think you have a right to object to that type of thing? Not necessarily, Judge. I came in to get evidence. He can no longer be brought back. Right. So I wasn't seeking to bring him back. What I was seeking to do, Judge, was to get garner evidence to substantiate the breach of fiduciary duty cause of action and the breach of contract action. And that's what I was doing. Okay. So based upon the record that you have, based upon the arguments that you've heard. So what happened at the end of this case? We went to trial. And the jury entered a verdict on the breach of contract cause of action in the amount of over $300,000 for Alice Dolan and against the defendant. So let me. And is that on appeal on some of those? That's on appeal before this same division. But in a non-consolidated status? Obviously it's not on appeal today. It's not out today. We're just talking about the sanctions. Yes. So let's say we were to agree with you that there's no jurisdiction in this appeal. Why would we want to do that if the case is already over and there's another appeal pending before this court? And the only reason we're saying that we have no jurisdiction or if we say we have no jurisdiction, we don't address the issues that he wants. But there's nowhere to return to, is there? I mean, where is he going to return? The case is already over. So why shouldn't we simply consolidate this appeal with the now pending appeal from the jury verdict and try to address the issues in the context of a final order as opposed to this no jurisdiction issue? Because he didn't cite the right section. But where is he going to go back if we agree with you? How does this issue ever come before us? The issue of the sanctions doesn't come before you. Isn't it entitled to come before you? And it's not raised in the issues that are raised up on the other appeal. Maybe that's it. It's not in the other appeal. That's it. He had to raise it in that context. Right. He did not. All right. It's not before you. All right. So based on a technicality, he cannot obtain a review? I don't believe it's a technicality, Judge. I believe that one is obligated to follow a rule. And if you're not going to follow the rules, I mean, why do we as attorneys have to follow these rules? Why should he be possibly deprived of review if he reasonably relied on us to reach the merits of this appeal while the entire underlying case was going on? And he said, well, I don't have to raise it in this following the jury verdict because it's already before the court. What he did here is, well, as you're aware. I mean, isn't that sort of an ambush decision? It's not an ambush decision at all. If we say, you know what, you didn't raise it in the last one. It's not an ambush decision at all. All these issues were addressed extensively in the circuit court. They were addressed here by way of, as Justice Palmer indicated, there's numerous motion practice here. In fact, as you know, Judge Lampkin agreed when I made the motion to dismiss. She dissented in the December opinion and said that she said there's no jurisdiction here. Who was the judgment against? O'Callaghan, the entity, PC O'Callaghan. That person? That person. Wasn't a party there? No, because he had already been let out. So how does he, when that case ends, how does he personally enter that appeal? I mean, this is the only way he can come to the court, isn't it? I think that's the point that Justice Garcia is making. At some point in time he's got to have the opportunity to come to the court and say, I want to talk to you about this sanction. So the judgment that's entered in the jury case is not a personal judgment. It's not part of the case. So how does he come to the appellate court? He's got to come to the appellate court in whatever that number is, the consolidated case, the second notice of appeal. Let me jump in real quickly and piggyback on what Justice Palmer said. I thought he was going to say that the individual O'Callaghan, as he appears before us, is not a party to the jury verdict and therefore could never have raised the issue that he's raising before us now in this appeal in that subsequent case. I think he could have. As I said to you, he could have when the order was entered, when he was ordered, either if he thought that the court didn't have jurisdiction over him or when the sanctions order was entered, he could have come in under 304B-5 and said to Judge Goldberg, Judge, I'm not going to honor your order. I'm not going to abide. Hold me in front of you. No, I'm saying after the verdict. How does Mr. O'Callaghan become a party to the appeal after a verdict when he isn't a party? Then he should have invoked 301. He didn't. He invoked 303 again. But in that case or in this case? In this case. He came into the second appeal, the 12-1 that you just referred to, Justice Palmer, and he invoked 303 again. 303 doesn't vest this court with jurisdiction here. It's not applicable. Should this appeal be part of that appeal, though? I think we can pretty much accept the fact that the 1505 appeal was premature. Well, maybe they wouldn't agree with that. But if the 1505 appeal is premature, he waits until the end of the case, there's a jury verdict. My question is, should the appeal with regard to the sanction be a part of that appeal? Or is it appropriate that he came in and filed a new notice of appeal just with regard to the sanction? Well, I believe that it wasn't appropriate because, as you know, I moved to dismiss the 2012 appeal, too. So, no, I didn't believe it. Again, if you have the right rule, then invoke the right rule. But don't start invoking wrong rules and saying, merely because I file a notice of appeal, I could list whatever I want. And I'm okay. I just don't think so. But, again, for the reasons that I've articulated and we've discussed, I ask that Judge Goldberg's orders be affirmed by this Court. Thanks for your time. Thank you, Counsel. Let's hear a brief rebuttal. Indeed, Your Honors. Page 2 of the record opens with a motion filed by the plaintiff for an order compelling the resumption of Mr. O'Callaghan's deposition. He was deposed in the old case, which, upon refiling, they're separate and distinct cases. And, again, so, therefore, to answer the question that Justice Palmer led off with, did he appear voluntarily, I would say no, because plaintiffs straightaway moved for an order compelling the deposition. And I think I'm going to have to go back to the chicken and egg thing, because I think this is where this case is probably going to hinge. Mr. O'Callaghan appeared, again, in the only capacity within which he had to appear. And I think it turns everything on its head to say that, since he sat down for deposition, he was gratuitously appearing beyond any capacity over which the Court had power over him. I don't think that's the way the discovery practice should be considered. And when he was asked questions that went beyond the scope of his being a question on behalf of the corporate entity, he said, I don't know and I can't know. And those were proper answers, because 206A1 says a corporate representative answers questions about informed knowledge or anything that's reasonably available to the organization, not to the person sitting there to the organization. The question of jurisdiction in this Court, I think you can make an argument that Judge Goldberg's sanctioned orders were, in essence, contempt findings under 304B6. I think, as Justice Garcia pointed out, it really doesn't matter what rule is or is not invoked in a notice of appeal. The question under this Court's independent obligation to examine its own jurisdiction is, do we have jurisdiction or not? Whether what the plaintiff says we do or don't under a rule or not is immaterial. But putting that aside, this Court certainly had jurisdiction after the second appeal was filed at the conclusion of the case. And in either circumstance, this Court has jurisdiction, again, to say, as we assert, that Judge Goldberg lacked jurisdiction over Mr. O'Callaghan personally. Again, he was wearing different hats here, and I think that's a distinction that needs to be considered and taken into account. And, again, he did not gratuitously sit down to appear as a person. He sat down because he had to as the only person who could testify on his behalf. So for those reasons, we would ask that, oh, lastly, if this Court were to want to consolidate this case into the case from the underlying judgment, that's your prerogative. But I think the plan filed here was to consolidate the two because this appeal was filed in May of 2011 before the judgment was entered in April or thereabouts of 2012. So they were separate at the time, and that's why this separate appeal was filed and this one was consolidated. Again, you're free to do as you see fit with those appeals. For these reasons, we would ask that you. Maybe you could address the question I asked with regard to when the judgment was entered and everything became final, you made a determination to come to the appellate court separately with regard to the sanctions and obviously the entity's judgment. Correct? Yes. Separate notices of appeals were filed. But that was in relatively the same time frame, right? Well, yes, because. Because you waited. I think as I remember in your filings on the motion practice that you said something like, well, in the abundance of caution here, we're back again with a new notice of appeal now that the case is over with regard to the sanctions. Is that right? And that's when we consolidated the two? Yes. Okay. But you made a conscious decision to come to the appellate court on the sanctions issue separately than the jury verdict's judgment appeal. Yes. I don't know the timing of when judgment was entered on the verdict or when post-judgment motions to that judgment may have been denied. But, yes, the determination was made, and I think it was because of the fact that there was already the appeal docketed in 2011 on the sanctions issue. The thought was, and I didn't file the appeals, but I think the thought was let's keep the sanctions issue with the prior sanctions appeal and then the judgment against the corporate entity will go its own way. And I think largely, too, that was not only because there was an appeal already on file, but I think because, as maybe Justice Garcia mentioned, the corporation is different from Justice O'Callaghan, the person. And that's another reason why these appeals, while they relate, obviously, are not really related, if that makes any sense. It does. Yeah. So, again, we ask that you vacate Judge Goldberg's orders and dismiss the appeal. Thank you. Thank you very much. You gave us a very interesting case and very good oral arguments, and we'll take it under advisement. The court is adjourned.